## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

CARL H. POLING et al.                                                    PLAINTIFFS

v.                                             CIVIL ACTION NO. 3:17-CV-P488-JHM

COMMONWEALTH OF KENTUCKY et al.                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs, Carl H. Poling, Jason E. Brown, and Ronnie Snow, filed a *pro se*, *in forma pauperis* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

The three Plaintiffs are convicted prisoners incarcerated at the Kentucky State Reformatory (KSR). They name as Defendants the Commonwealth of Kentucky and the Kentucky Department of Corrections. As the basis for federal question jurisdiction, the complaint states, *in toto*: "Eleven Amendment, Seventeenth Amendment, Fourth Amendment, First Amendment, Fourteenth Amendment, Eighth Amendment." The statement-of-the-claim section of the complaint form alleges *in toto*: "False imprisonment and false arrests in the State of Kentucky on all defendants that is lists on complaint." As relief, the complaint asks for "soverieign citizenship immunity" and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiffs are not absolved of their duty to comply with the Federal Rules of Civil Procedure by providing each Defendant with "fair notice of the basis for [their] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Here, Plaintiffs state *absolutely no facts* regarding the bases of their claims. Dismissal of this action under Rule 8 is therefore appropriate. *Provenzale*

*v. Dep't of Justice*, No. 4:10-CV-2373, 2011 WL 693337, at *3 (N.D. Ohio Feb. 18, 2011) (finding dismissal under Rule 8 necessary where there were "simply no facts").

To the extent that Plaintiffs' requested relief of "sovereign citizenship immunity" evidences their intent to bring their complaint premised on "sovereign citizen" beliefs, this Court instructs Plaintiffs that complaints premised on "sovereign citizen" arguments have "been uniformly rejected by the federal courts" for decades. *Smith v. Heyns*, No. 13-14013, 2014 WL 3687119, at *1 n.1 (E.D. Mich. July 24, 2014). "Sovereign citizen" arguments are "recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13-CV-760 MAD/DEP, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014); s*ee also United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting an argument similar to that made by "sovereign citizens" as being "without merit and patently frivolous"). In short, claims premised on "sovereign citizen" theories may be dismissed without "extended argument," *United States v. Ward*, No. 98-3019, 1999 WL 369812, at *2 (9th Cir. May 13, 1999), as patently frivolous. *See United States v. McQuarters*, No. 11-MC-51386, 2013 WL 6095514, at *2 (E.D. Mich. Nov. 20, 2013) (finding that "sovereign citizen" arguments are "'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion'" (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

Finally, the Court notes that on the front of the complaint is the following: "Note: Need other forms for sovereign citizenship immunity to file." This Court has no such forms because there is no such thing as "sovereign citizenship immunity."

## III.

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date:  September 22, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Plaintiffs, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009